JURY TRIAL DEMANDED

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| HEIDI HAMOR, | ) |
| | ) |
| Plaintiff, | ) |
| | )  Case No.: 09-516 |
| v. | ) |
| | ) |
| ROSE AMERICA CORPORATION, | ) |
| | ) |
| Defendant. | ) |

NOTICE OF REMOVAL OF CIVIL ACTION
TO UNITED STATES DISTRICT COURT

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

COMES NOW defendant, Rose America Corporation (hereinafter "Rose America"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and hereby file their Notice of Removal in the above-captioned matter to the United States District Court for the Eastern District of Missouri. Defendant asserts the following grounds supporting removal of this action.

1. The above-captioned matter was filed in the Circuit Court of St. Charles County, Missouri on February 20, 2009, captioned <u>Heidi Hamor v. Rose America Corporation</u>, Case No. 0911-CV01947.

2. On information and belief of contained in plaintiff's Petition, plaintiff Heidi Hamor is and was a resident of St. Charles, Missouri.

3. Defendant Rose America Corporation is and was incorporated in the State of Kansas, and has its principal place of business in Wichita, Kansas.

4. In accordance with 28 U.S.C. § 1441(a), removal is made to this Court as the district and division embracing the place where the state court action is pending. This Notice of Removal is filed with the Clerk of the Circuit Court of St. Charles County, Missouri pursuant to Local Rule 81.2.03.

5. Also pursuant to Rule 81.2.03, a copy of all process, pleadings and other documents now on file with the Circuit Court of St. Charles County is attached hereto as Exhibit "A".

6. The Affidavit of Service completed by the Sedgwick County, Kansas Sheriff's Office (included in Exhibit "A") indicates that Rose America Corporation was served on March 9, 2009, within the 30 days set forth for removal of an action pursuant to 28 U.S.C. § 1446(b).

7. Notice of Removal is timely pursuant to 28 U.S.C. § 1446, as it is filed within 30 days of defendant's receipt of a copy of the Petition and Summons in the state court action.

8. This is case is removable pursuant to 28 U.S.C. § 1332(a)(1) in that the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. Although the plaintiff has pled for damages in each of their two counts for "an amount in excess of the jurisdictional minimums for Circuit Court and in an amount that is fair, just and reasonable under the circumstances, together with exemplary and punitive damages in an amount sufficient to deter Defendant and others similarly situated from similar conduct . . .," as opposed to pleading for damages "in excess of $75,000," plaintiff's counsel in correspondence states that plaintiff "Heidi [Hamor ] has incurred medical expenses in excess of $60,000 and suffered significant permanent impairment to her right eye. She has undergone a number of surgical

procedures. Heidi was forced to change her position at work to accommodate limitations and has suffered a significant wage loss." (See plaintiff's attorney's correspondence dated March 20, 2009, attached and incorporated herein as Exhibit "B", redated to exclude recipient). Thus, it is apparent that plaintiff is seeking damages exceeding the jurisdictional requirement of $75,000.

9. When a Plaintiff has pled the amount of damages sought generally in the Petition, the court is permitted to consider "other papers" like demand letters to determine if the jurisdictional requirement for removal has been met. See, Williams v. Safeco Ins. Co. of America, 74 F.Supp.2d 925, 929 (W.D.Mo. 1999); Nguyen v. Kautz, 125 F.Supp.2d 364, 365 (S.D. Iowa 2000) (stating Plaintiff may serve Defendant with a document separate than the Petition, or "other paper" which will serve to provide the Defendant with notice of the amount in controversy for purposes of removal); McCorkindale v. American Home Assurance Co./AIC, 909 F.Supp. 646, 654 (N.D. Iowa 1995)(citing Land Dollar, 330 U.S. 731, 735 & n.4, 67 S.Ct. 1009, 1011 & n.4, 91 L.Ed. 1209 (1947)(stating where amount in controversy is not apparent from the pleadings, federal courts may look outside the pleadings to other evidence in the record)).

In addition, Plaintiff is seeking punitive damages against Defendant. Claims for punitive may be taken into account in determining the amount in controversy for diversity jurisdiction purposes. McCorkindale, 909 F.Supp. at 655. As a result of the above, Defendants have met their burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. Id. at 652.

10. Defendant Rose America will promptly file with the Circuit Court of St. Charles County, Missouri, a copy of this Notice of Removal pursuant to 28 U.S.C. § 1446(d) and Local Rule 81.203. Defendant Rose America is also providing to plaintiff's counsel written notice of the filing

of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, defendant Rose America Corporation requests that the above-referenced matter be removed from the Circuit Court of St. Charles County, Missouri to the United States District Court for the Eastern District of Missouri.

DATED:	April 1, 2009

> Respectfully submitted,
>
> **FRANKE SCHULTZ & MULLEN, P.C.**
>
> /s/ John G. Schultz
> John G. Schultz	#34711
> Michael J. Tubbesing	#42856
> 8900 Ward Parkway
> Kansas City, Missouri 64114
> (816) 421-7100; (816) 421-7915 Fax
> **Attorneys for Defendant**

## CERTIFICATE OF MAILING

The undersigned hereby certified that on this ___1st___ day of April, 2009, a copy of the above and foregoing was electronically filed with the United States District Court by using the CM/ECF system which will send a Notice of Electronic Filing and that a copy was sent by U.S. Mail postage prepaid to the following:

William J. Niehoff
Mark S. Schuver
Laura Craft
Mathis, Marifian, Richter & Grandy, Ltd.
23 Public Square, Suite 300
P. O. Box 307
Belleville, Illinois 62222-0307
(618) 234-9800; (618) 234-9786 Fax
**Attorneys for Plaintiff**


/s/ John G. Schultz
**Attorney for Defendant**