IN THE ELEVENTH JUDICIAL CIRCUIT, STATE OF MISSOURI
CIRCUIT JUDGE DIVISION

FILED
FEB 20 2009
Circuit Clerk
ST. CHARLES COUNTY

HEIDI HAMOR, )
)
    Plaintiff, )
)
vs. ) No. 0911-CV01947
)
ROSE AMERICA CORPORATION, ) PLAINTIFF DEMANDS
) TRIAL BY JURY
    Defendant. )

Div. 3

## PETITION FOR DAMAGES

COMES NOW the Plaintiff, Heidi Hamor, by and through her attorneys, Mathis, Marifian, Richter & Grandy, Ltd. and for her Complaint against the Defendant, Rose America Corporation, states as follows:

### PARTIES

1. At all times relevant herein, Plaintiff Heidi Hamor is and was a resident of St. Charles, Missouri.

2. At all times relevant herein, Defendant Rose America Corporation is and was a corporation existing and in good standing and which is and at all relevant times has been doing business in the State of Missouri.

### FACTUAL ALLEGATIONS

3. Defendant manufactures, designs, distributes, constructs, places in the stream of commerce various animal products, including but not limited to dog collars.

4. On or before December 23, 2007, Plaintiff purchased a dog collar that was manufactured, designed, imported, sold and/or placed in the stream of commerce by Defendant.

5. Plaintiff owns a Labrador Retriever and she used the Defendant's dog collar on her pet in a manner that is reasonably foreseeable and/or intended by Defendant.

6. On or about December 23, 2007, Plaintiff took her dog outside on a leash attached to the collar by means of a fastening "D" ring incorporated into the design of the collar. While being used in a manner that is reasonably forseeable and or intended by the Defendant, the collar suddenly broke and or failed causing the leash and or attachments to snap back striking Plaintiff in her right eye.

7. The aforesaid collar on December 23, 2007 was in substantially the same condition as when sold, distributed, manufactured, designed, modified, substantially constructed or placed in the stream of interstate commerce by the Defendant.

8. That on December 23, 2007, the aforesaid collar was used by the Plaintiff in a manner reasonably anticipated by the Defendant.

9. The aforesaid collar was purchased by the Plaintiff in St. Charles County, Missouri.

## COUNT I
## STRICT PRODUCT LIABILITY

COMES NOW the Plaintiff, Heidi Hamor, by and through her attorneys, Mathis, Marifian, Richter & Grandy, Ltd. and for Count I of her Complaint against the Defendant Rose America Corporation states as follows:

10. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 10 above as Paragraphs 1 through 10 of Count I as if fully set forth herein.

11. Said collar, at the time it was sold, manufactured, designed, modified, substantially constructed, altered or placed in the stream of interstate commerce by the Defendant Rose America Corporation and continuing to, and including December 23,

2

2007, was in a defective condition and unreasonably dangerous when put to a reasonably anticipated use, to wit:

(a) the collar's material was not of sufficient strength when used for its intended reasonably or foreseeable purpose;

(b) the collar was sold without an adequate warning to advise of the dangers associated with using said collar;

(c) the collar was improperly designed to be used as promoted, advertised, intended and reasonably foreseeable;

(d) the collar was improperly manufactured to be used as promoted, advertised, intended and reasonably foreseeable;

(e) the collar was improperly constructed to be used as promoted, advertised, intended and reasonably foreseeable; and,

(f) The collar and component parts contained improper welding which caused or created an unreasonably dangerous condition in the "D" ring which caused the product to fail.

12. As a direct and proximate result of the aforesaid defective condition of said collar, Plaintiff was thereby caused to sustain permanent, severe, painful and disabling injuries to various parts of her body including, but not limited to, her right eye, face, cheek, nose, and lips, the function and use of all the aforesaid parts being seriously and permanently diminished, impaired and made painful; the Plaintiff has suffered complete loss, or near complete loss of vision in affected eye; the Plaintiff has further suffered grievous pain and mental anguish and has become sick, sore, lame, disordered, and disabled, and will continue in the future to suffer from pain from her injuries, and has

3

incurred and will in the future continue to incur expenses for reasonable and necessary medical treatment, lost wages and income.

13. Defendant, at the time the collar was sold, manufactured, designed, modified, substantially constructed, altered or placed in the stream of interstate commerce by Defendant and/or its agents, knew or should have known that said collar was in a defective condition and unreasonably dangerous, and nevertheless caused or allowed the collar to be sold, manufactured, designed, modified, substantially constructed, altered or placed in the stream of interstate commerce, and despite their knowledge, Defendant failed to provide an adequate warning of the danger. By its conduct, Defendant has demonstrated a conscious disregard of, or reckless indifference to, the rights and safety of others, including the Plaintiff. Defendant is, therefore, liable to Plaintiff for exemplary and punitive damages.

WHEREFORE Plaintiff prays for entry of judgment in her favor and against the Defendant, Rose America Corporation, in an amount in excess of the jurisdictional minimums for Circuit Court and in an amount that is fair, just and reasonable under the circumstances, together with exemplary and punitive damages in an amount sufficient to deter Defendant and others similarly situated from similar conduct, for her costs of suit herein, and for such other and further relief as the Court deems just and proper.

## COUNT II
## NEGLIGENCE

COMES NOW the Plaintiff, Heidi Hamor, by and through her attorneys, Mathis, Marifian, Richter & Grandy, Ltd., and for Count II of her Complaint against the Defendant, Rose America Corporation, states as follows:

4

14. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 10 above as Paragraphs 1 through 10 of Count II as if fully set forth herein.

15. Defendant owed a duty to use reasonable care in the design, manufacturing, instructions, warnings given with the product.

16. Defendant's manufacture, design, modification, specification, substantial construction or sale of the aforesaid collar was negligent and careless, to wit:

(a) the collar's material was not of sufficient strength when used for its intended reasonably or foreseeable purpose;

(b) the collar was sold without an adequate warning to advise of the dangers associated with using said collar;

(c) the collar was improperly designed to be used as promoted, advertised, intended and reasonably foreseeable;

(d) the collar was improperly manufactured to be used as promoted, advertised, intended and reasonably foreseeable;

(e) the collar was improperly constructed to be used as promoted, advertised, intended and reasonably foreseeable; and,

(f) The collar and component parts contained improper welding which caused or created an unreasonably dangerous condition in the "D" ring which caused the product to fail.

17. Such negligence as described above was gross and extreme negligence, such that Plaintiff is entitled to exemplary and punitive damages.

18. Defendant, at the time the collar was sold, manufactured, designed, modified, substantially constructed, altered or placed in the stream of interstate

5

commerce by Defendant and/or its agents, knew or should have known that said collar was in a defective condition and unreasonably dangerous, and nevertheless caused or allowed the collar to be sold, manufactured, designed, modified, substantially constructed, altered or placed in the stream of interstate commerce, and despite their knowledge, Defendant failed to provide an adequate warning of the danger. By its conduct, Defendant has demonstrated a conscious disregard of, or reckless indifference to, the rights and safety of others, including the Plaintiff. Defendant is, therefore, liable to Plaintiff for exemplary and punitive damages.

WHEREFORE Plaintiff prays for entry of judgment in her favor and against the Defendant, Rose America Corporation, in an amount in excess of the jurisdictional minimums for Circuit Court and in an amount that is fair, just and reasonable under the circumstances, together with exemplary and punitive damages in an amount sufficient to deter Defendant and others similarly situated from similar conduct, for her costs of suit herein, and for such other and further relief as the Court deems just and proper.

MATHIS, MARIFIAN, RICHTER & GRANDY, LTD.

By _____
William J. Niehoff, #36448
Mark S. Schuver, #34713
Laura Craft #56713
23 Public Square, Suite 300
P.O. Box 307
Belleville, Illinois 62222-0307
(618) 234-9800
(618) 234-9786 Fax

Attorneys for Plaintiff

6



# SEDGWICK COUNTY, KANSAS
## SHERIFF'S OFFICE
### ROBERT HINSHAW
#### Sheriff

FILED

Judy Zerr
Circuit Clerk
ST. CHARLES COUNTY

141 WEST ELM * WICHITA, KANSAS 67203 * TELEPHONE: (316) 383-7264 * FAX: (316) 383-7758

## AFFIDAVIT OF SERVICE

**STATE OF KANSAS)**
**SEDGWICK COUNTY)**                     **CASE NUMBER: 0911-CV1947**

**Deputy Elweard J. Garrett, D0741**, being of legal age and sworn upon his/her oath, deposed and says:

That the undersigned is a duly appointed, acting and qualified Deputy Sheriff of Sedgwick County, Kansas, an adult over the age of 21 years and is in no manner interested in this legal action.

That on the 9th day of March, 2009, at 0800 hrs., corporate service was made on Rose America Corporation, with the delivery of the following legal documents Summons and Complaint, at 3100 S. Meridian, in Wichita, Sedgwick County, Kansas. Corporate service was made by handing or delivering to the following person, Karen Burger, personally, a true and correct copy of the above legal documents.

**ROBERT HINSHAW**
Sheriff of Sedgwick Co., KS

BY: *Elweard J Garrett D0741*

Subscribed and sworn before me this 10th day of March, 2009.

_____
NOTARY PUBLIC, SEDGWICK, CO. KS.

MY COMMISSION EXPIRES: 6/7/09

NOTARY PUBLIC - State of Kansas
DARLENE PFLUGER
My Appt. Expires 6/7/09

TOTAL P.02



# IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>LUCY D RAUCH | Case Number: 0911-CV01947 |
|---|---|
| Plaintiff/Petitioner:<br>HEIDI HAMOR<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>WILLIAM J. NIEHOFF<br>P O BOX 307<br>23 PUBLIC SQ STE 300<br>BELLEVILLE, IL 62222-0307 |
| Defendant/Respondent:<br>ROSE AMERICA CORPORATION | Court Address:<br>300 N 2nd<br>SAINT CHARLES, MO 63301 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: ROSE AMERICA CORPORATION
Alias:
THOMAS HANNA REG AGT
3100 SOUTH MERIDAN
WICHITA, KS 67217

COURT SEAL OF

ST. CHARLES COUNTY

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

FEB 2 4 2009
_____Date_____                    _____Clerk_____
                                         DEPUTY CLERK

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____Printed Name of Sheriff or Server_____    _____Signature of Sheriff or Server_____

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)
I am: (check one)
   ☐ the clerk of the court of which affiant is an officer.
   ☐ the judge of the court of which affiant is an officer.
   ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
   ☐ authorized to administer oaths. (use for court-appointed server)

(Seal)

_____Signature and Title_____

Service Fees, if applicable
Summons     $ _____
Non Est     $ _____
Mileage     $ _____ ( _____ miles @ $ _____ per mile)
Total       $ _____

See the following page for directions to clerk and to officer making return on service of summons.

### Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

### Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.